UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRAIG WOLFLA, a single man,<br><br>              Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE PATROL, an agency of the State of Washington, and CALE J. HAYES, a Washington State Patrol Trooper, Badge #809, individually and in his duties as a Washington State Patrol Trooper,<br><br>              Defendants. | CASE NO. 2:22-cv-734<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

      Plaintiff Craig Wolfla sued Defendants Washington State Patrol and Trooper Cale J. Hayes, alleging damages after his traffic stop and subsequent arrest. Wolfla alleges various claims arising from the incident, including violations of federal civil rights laws, the Washington Constitution, as well as other tortious conduct. Defendants filed this motion to dismiss under Federal Civil Rules 12(b)(1) and (b)(6), arguing that Plaintiff's claims are materially deficient and cannot be cured. In his response brief, Wolfla abandons many of his claims, while failing to oppose other arguments raised by Defendants. Having reviewed the parties' briefs and supporting materials filed in support of and opposition to the motion, the Court GRANTS Defendants' motion.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 1

# BACKGROUND

The Court takes the following alleged facts from Plaintiff Craig Wolfla's complaint and considers them true for purposes of ruling on the pending motion.

Defendant Washington State Patrol is a law enforcement agency of the state of Washington. Dkt. No. at 1. Defendant Trooper Cale J. Hayes is a State Patrol employee. *Id*. Wolfla is an individual who resides in Arlington, Washington. *Id.*

On March 24, 2019, Wolfla was on his way to get fast food in Arlington. *Id.* at 2–3. Hayes stopped Wolfla, and stated that he pulled Wolfla over because Wolfla "did not use his left turn signal coming out of the AM/PM, was driving slowly and erratically, … that his tires were on the turtles when he was using the turning lane," and he made an illegal lane change. *Id.* at 3. Wolfla informed Hayes that he had a concealed weapon on him with a valid permit. *Id.* at 3. Wolfla then explained to Hayes that he had "left McDonalds not AM/PM, had used his turn signal, and had even passed [him] on his prior traffic stop . . . and had intentionally given [him] a wide berth when he had passed." *Id.* at 3–4. Hayes repeated his statement that Wolfla did not use his left turn signal. *Id.* at 4. Wolfla questioned how Hayes could see the left turn signal from where he was located. *Id.*

Hayes then ordered Wolfla to turn off his car and exit his vehicle. *Id.* at 4. While he was exiting the vehicle, Wolfla noticed there were other officers present with their guns drawn towards him. *Id.* Hayes tried to forcibly remove Wolfla's pistol from its holster. *Id.* at 4-5. Hayes asked Wolfla a series of personal questions and conducted various field sobriety tests. *Id.* at 5. Hayes "belittle[d] and humiliate[d] [Wolfla] by laughing at [him]" throughout the interaction. *Id.*

Hayes "twisted [Wolfla's] arm up over his back while yelling 'stop resisting, stop resisting.'" *Id.* at 6. Then Hayes arrested Wolfla for driving under the influence and impounded

his license, permitted concealed weapon, and car. *Id.* Wolfla's fiancée was left on a street corner. *Id.* Hayes threatened and intimidated Wolfla into taking a blood test. *Id.*

Six months after his arrest, Wolfla learned that all his blood tests came back negative. *Id.* Wolfla was then allowed to retrieve his gun. *Id.* Wolfla was "deprived of his vehicle and incurred impound fees, and was deprived of his concealed weapon." *Id.* The police report also contained inaccuracies about the arrest and events that followed. *Id.*

## DISCUSSION

### I. Legal Standard.

The Court will grant a motion to dismiss only if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard is less than probability, "but it asks for more than a sheer possibility" that a defendant did something wrong. *Id.* (citations omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly,* 550 U.S. at 557). In other words, a plaintiff must have pled "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

When considering a motion to dismiss, the Court accepts factual allegations pled in the complaint as true and construes them in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021). But courts "do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064

(9th Cir. 2011) (citations omitted). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (internal quotation marks omitted).

## II. Wolfla's claims against the Washington State Patrol and Trooper Hayes in his official capacity are barred by the Eleventh Amendment.

Defendants argue, and Plaintiff concedes, that the Eleventh Amendment bars this suit in federal court against the State Patrol and Hayes in his official capacity. The Eleventh Amendment of the United States Constitution bars suits against states, state agencies, and state officials in their official capacity in federal court. *Krainski v. State ex rel. Bd. of Regents*, 616 F.3d 963, 967 (9th Cir. 2010). The Eleventh Amendment prohibits litigants from pursuing both federal and "pendant state law claims against nonconsenting state defendants in federal courts." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).

The Washington State Patrol did not waive, nor has Congress abrogated its immunity under the Eleventh Amendment. Moreover, Hayes does not seek prospective injunctive relief, so the *Ex parte Young* exception to the Eleventh Amendment does not apply. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). As such, this Court cannot exercise federal jurisdiction over the State Patrol or Hayes in his official capacity. Thus, the Court DISMISSES all claims against the State Patrol and Hayes, acting in his official capacity, without prejudice. *Green v. N. Seattle Cmty. Coll.*, 237 F. App'x 186, 187 (9th Cir. 2007) (quoting *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999)) ("'The Eleventh Amendment is a limit on federal courts' jurisdiction. Dismissals for lack of jurisdiction should be . . . without prejudice so that a plaintiff may reassert his claims in a competent court.'").

**III.    Wolfla's claims against Trooper Hayes in his personal capacity.**

Having dismissed Wolfla's claims in their entirety against the State Patrol and Hayes acting in his official capacity, the Court turns to Wolfla's remaining claims against Hayes in his personal capacity.

**A.    Federal civil rights claims.**

Hayes contends that Wolfla's claims under 42 U.S.C. §§ 1981 and 1983 are time-barred.

Section 1983 does not contain a statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). Instead, federal courts apply the state statute of limitations for personal injury cases to Section 1983 claims. *Id.* In Washington, a three-year statute of limitations applies to Section 1983 claims. *Boston v. Kitsap Cnty.*, 852 F.3d 1182, 1185 (9th Cir. 2017). The statute of limitations begins to accrue when a plaintiff knows or has reason to know of the injury which is the basis of his action. *Bagley v. CMC Real Est. Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).

Wolfla's claims arose in March 2019, but he did not file suit until May 2022. Thus, his Section 1983 claims accrued more than three years before he filed suit. Wolfla argues that although it has been more than three years, his claims are timely because he complied with Washington's notice-of-claim statute, RCW 4.92.110. But the Supreme Court has held that "notice-of-claim provisions are inapplicable to § 1983 actions brought in federal court." *Felder v. Casey*, 487 U.S. 131, 140 (1988); *see also Boston*, 852 F.3d at 1189 ("[S]pecial statute of limitations" do not "operate to toll the state's general residual limitations period applicable to § 1983 actions."). Washington's notice of claims statute is not applicable to Wolfla's Section 1983 claims. *See Joshua v. Newell*, 871 F.2d 884, 886 (9th Cir. 1989). As a result, Wolfla's pre-suit notice did not toll the statute of limitations on his Section 1983 claims.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 5

Additionally, Wolfla argues that a four-year statute of limitations applies to the claims he brought under 42 U.S.C. §1981. 28 U.S.C. § 1658 established a four-year statute of limitations for actions arising under federal statutes enacted after December 1, 1990. Although 28 U.S.C. § 1658 expands the statute of limitations for certain claims under 42 U.S.C. § 1981 to four years, *see Johnson v. Lucent Techs., Inc.*, 653 F.3d 1000, 1006 (9th Cir. 2011), Wolfla does not show, as he must, that a post-1990 enactment made any of his claims possible.

In addition to his Section 1981 claim being time-barred, the Court considers *sua sponte* whether Wolfla has adequately pled a claim. Section 1981 states that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.

42 U.S.C. § 1981. Wolfla has failed to allege any facts that establish Hayes had any intent to discriminate against him on the basis of race or that the discrimination concerned any of the enumerated activities. Because Wolfla's Complaint does not state a plausible claim for relief under Section 1981, his claim should be dismissed.

Accordingly, the Court DISMISSES all of Wolfla's claims under 42 U.S.C. §§ 1981 and 1983 against Hayes in his personal capacity with prejudice.

**B. Constitutional law claims.**

Wolfla alleges that Hayes violated Washington Constitution art. I, §§ 3 and 7. Hayes contends that Wolfla's claims under the Washington Constitution cannot proceed because Washington law recognizes no such cause of action for these so-called violations.

The Washington Constitution does not automatically create a private right of action. *See Reid v. Pierce Cnty.*, 961 P.2d 333 (Wash. 1998). "Washington courts have consistently rejected invitations to establish a cause of action for damages based upon constitutional violations

'without the aid of augmentative legislation.'" *Blinka v. Wash. State Bar Ass'n*, 36 P.3d 1094, 1102 (Wash Ct. App. 2001) (quoting *Sys. Amusement, Inc. v. State*, 500 P.2d 1253, 1254 (Wash. Ct. App. 1972)); *see e.g.*, *Spurrell v. Bloch*, 701 P.2d 529, 535 (Wash. Ct. App. 1985) ("The constitutional guaranty of due process, Const. art. 1, § 3, does not of itself, without the aid of augmenting legislation, establish a cause of action for money damages against the State in favor of any person alleging deprivation of property without due process. This reasoning is equally applicable to both state and municipal entities."); *Reid v. Pierce Cty.*, 961 P.2d at 343 (declining to recognize a cause of action for damages under article I, section 7 of the Washington Constitution). Additionally, Washington law does not contain a counterpart to 42 U.S.C. § 1983 which creates a civil cause of action for violations of the United States Constitution by persons acting under color of state law. *Peltier v. Sacks*, 328 F. Supp. 3d 1170, 1185 (W.D. Wash. 2018) ("Washington law contains no counterpart to 42 U.S.C. § 1983, which creates a civil cause of action for violations of the United States Constitution by persons acting under color of state law.").

Wolfla cites no Washington law that allows for monetary damages for these alleged violations of Washington's Constitution. Wolfla's contention that he needs discovery to develop these claims is unavailing. No amount of discovery can save a claim where there is no cause of action. Wolfla's claims for damages under the Washington Constitution against Hayes in his personal capacity are DISMISSED with prejudice.

**C. Intentional torts claims.**[1]

---

[1] Wolfla sues the Washington State Patrol for Negligent Hiring, Training, and Supervision (Count 7), but for obvious reasons, he does not allege this cause of action against Hayes. The Court need not analyze this claim further because it is barred by the Eleventh Amendment. *See supra* Section II.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 7

Under Washington law, "[a]n action for libel, slander, assault, assault and battery, or false imprisonment" must be commenced within two years. RCW 4.16.100(1). Hayes asserts that Wolfla's claimed intentional torts of assault and battery, false imprisonment, and defamation and false light are precluded by a two-year statute of limitations. Wolfla concedes that these claims are time-barred and subject to dismissal. Each of these claims (Counts 3, 4, and 5) against Hayes in his personal capacity are DISMISSED with prejudice.

Hayes does not move to dismiss Count 6 (Infliction of Emotional Distress), but he has asked the Court to decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. "[D]istrict courts may decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Federal subject matter jurisdiction exists when a controversy involves diversity of citizenship between the parties or a question of federal law. *See* 28 U.S.C. §§ 1331, 1332(a)(1)–(4). Wolfla's complaint was premised on the Court's jurisdiction over his federal claims, which the Court has now dismissed. So dismissal of Plaintiffs' remaining state law claims, including Count 6, is proper. Moreover, Plaintiff "joins in the request that the court decline to exercise its Supplemental Jurisdiction over the remaining state law claims." Dkt. No. 18 at 2. Accordingly, the Court will DISMISS Count 6 against Hayes in his personal capacity without prejudice.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is GRANTED. Dkt. No. 14. Plaintiff Wolfla's claims at Counts 1-7 are DISMISSED without prejudice as to Defendants Washington State Patrol and Hayes acting in his official capacity. Plaintiff Wolfla's claims at Counts 1–5 are DISMISSED with prejudice as to Defendant Hayes in his personal capacity.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 8

Plaintiff Wolfla's claims at Count 6 are DISMISSED without prejudice as to Defendant Hayes in his personal capacity.

Dated this 22nd day of August, 2023.

Jamal N. Whitehead
United States District Judge